UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHAWN MARIE DARLING,

        Plaintiff,　　　　　　　　　　　Civil Action No. 18-10479
vs.　　　　　　　　　　　　　　　　　　　HON. MARK A. GOLDSMITH

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

**OPINION & ORDER
(1) OVERRULING PLAINTIFF'S OBJECTIONS (Dkt. 20), (2) ACCEPTING THE RECOMMENDATION OF THE MAGISTRATE JUDGE (Dkt. 19), (3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Dkt. 16), AND (4) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Dkt. 18)**

In this social security case, Plaintiff Shawn Marie Darling appeals from the final determination of the Commissioner of Social Security that she is not disabled and, therefore, not entitled to disability benefits. The matter was referred to Magistrate Judge Stephanie Dawkins Davis for a Report and Recommendation ("R&R"). The parties filed cross-motions for summary judgment (Dkts. 16, 18), and Magistrate Judge Davis issued an R&R recommending that the Court grant the Commissioner's motion for summary judgment and deny Darling's motion for summary judgment (Dkt. 19). Darling filed objections to the R&R (Dkt. 20); the Commissioner subsequently filed a response (Dkt. 21).

For the reasons that follow, the Court overrules Darling's objections and accepts the recommendation contained in the magistrate judge's R&R. The Commissioner's motion is granted and Darling's motion is denied. The final decision of the Commissioner is affirmed.

**I.　　LEGAL STANDARD**

1

The Court reviews de novo those portions of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Under 42 U.S.C. § 405(g), this Court's "review is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" Ealy v. Comm'r of Soc. Sec., 594 F.3d 504, 512 (6th Cir. 2010) (quoting Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007)). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Lindsley v. Comm'r of Soc. Sec., 560 F.3d 601, 604 (6th Cir. 2009) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). In determining whether substantial evidence exists, the Court may "look to any evidence in the record, regardless of whether it has been cited by the [Administrative Law Judge ("ALJ")]." Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 535 (6th Cir. 2001). "[T]he claimant bears the burden of producing sufficient evidence to show the existence of a disability." Watters v. Comm'r of Soc. Sec. Admin., 530 F. App'x 419, 425 (6th Cir. 2013).

## II. ANALYSIS

Subsequent to the administrative proceeding before the ALJ, Darling submitted the opinions of limited license psychologist John Longacre and vocational counselor Martha Ryckman. R&R at 10. The ALJ admitted the evidence into the record and stated that she "fully considered" the evidence in her opinion, but never discussed the evidence anywhere else in the opinion. Admin. Record ("A.R.") at 18 (Dkt. 9-2). Darling argued in her motion for summary judgment that the ALJ should have accounted for the professional opinions in her decision. The magistrate judge disagreed and explained that ALJs are not required to discuss every piece of evidence in the record, and because the opinions are not "acceptable medical sources," they are not entitled to any deference. R&R at 12. Additionally, the magistrate judge found that even if

the ALJ was required to discuss the opinions, it was harmless error because the opinions are consistent with the ALJ's residual functional capacity ("RFC") determination. Id.

Darling offers two objections: (i) the magistrate judge erred by failing to find the ALJ's decision deficient where she failed to articulate her consideration of the Longacre and Ryckman opinions; and (ii) the magistrate judge erred by finding that the failure to properly consider the Longacre and Ryckman opinions were harmless error. See Obj. at 2, 6.

**A. Objection One**

Darling argues that merely saying that the evidence was fully considered was improper under the Social Security regulations and Social Security Ruling ("SSR") 06-03p. Objs. at 2-3. The Commissioner argues that although the ALJ must "consider" evidence from other sources, the ALJ was not required to "discuss" the evidence in her opinion. Resp. at 1-2. The Commissioner has the better part of the argument.

The Social Security Administration weighs medical evidence, which can come from two sources – "acceptable medical sources" and "other sources" that are not "acceptable medical sources." 20 C.F.R. § 404.1513 (2013). There are five defined "acceptable medical sources": licensed (1) doctors, (2) psychologists, (3) optometrists, and (4) podiatrists, and (5) qualified speech-language pathologists. Id. at § 1513(a)(1)-(5). In addition, the ALJ may also review evidence from "other sources to show the severity" of a claimant's impairments, such as additional medical sources of "nurse-practitioners, physicians' assistants, naturopaths, chiropractors, audiologists, and therapists." Id. at § 1513(d)(1). There is no dispute that Longacre and Ryckman fall in the "other sources" category. Objs. at 4.

Social Security Ruling 06-03p, 2006 WL 2329939, (Soc. Sec. Admin. Aug. 9, 2006),[1] further clarifies the interplay between "acceptable medical sources" and "other" or "additional medical sources." "While the ruling notes that information from 'other sources' cannot establish the existence of a medically determinable impairment, the information 'may provide insight into the severity of the impairment(s) and how it affects the individual's ability to function.'" Cruse v. Comm'r of Soc. Sec., 502 F.3d 532, 541 (6th Cir. 2007) (quoting Soc. Sec. Rul. 06-03p, 2006 WL 2329939, at *3). Indeed, the agency recognizes that other sources of medical evidence can carry considerable, even determinative, weight. For example, "depending on the particular facts in a case, and after applying the factors for weighing opinion evidence, an opinion from a medical source who is not an 'acceptable medical source' may outweigh the opinion of an 'acceptable medical source,' including the medical opinion of a treating source." SSR 06-03p, 2006 WL 2329939, at *5.

However, it is well settled that ALJ's are not required to discuss every piece of evidence in the administrative record. Kornecky v. CSS, 167 F. App'x 496, 508 (6th Cir. 2006). Indeed, SSR 06-03p explains that "there is a distinction between what an adjudicator <u>must consider</u> and what the adjudicator <u>must explain</u> in the disability determination or decision." SSR 06-03P, 2006 WL 2329939, at *6 (emphasis added). "[T]he adjudicator <u>generally</u> should explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case." Id. (emphasis added).

---

[1] Social Security Ruling 06-03p was rescinded as to claims filed on or after March 27, 2017. Darling's applications were filed in April 2014 (A.R. 230-236, 237-244).

The ALJ stated that she "fully considered" the Longacre and Ryckman opinions. Although it may be best practice to explain the weight given to these types of sources, Social Security regulations and SSR 06-03p do not require anything beyond consideration. Therefore, the magistrate judge did not err by finding there is no reversible error in the ALJ's treatment of the Longacre and Ryckman opinions. Accordingly, Darling's first objection is overruled.

**B. Objection Two**

The Court's finding that ALJ did not err with respect to the treatment of the Longacre and Ryckman opinions obviates the need to address Darling's second objection, that the magistrate judge erroneously found any error by the ALJ to be harmless. Accordingly, Darling's second objection is overruled.

### III. CONCLUSION

For the above-stated reasons, the Court **OVERRULES** Darling's objections (Dkt. 20) and accepts the recommendation contained in the magistrate judge's R&R (Dkt. 19). Darling's motion for summary judgment (Dkt. 16) is **DENIED** and the Commissioner's motion for summary judgment (Dkt. 18) is **GRANTED**. The final decision of the Commissioner is **AFFIRMED**.

SO ORDERED.

Dated: March 14, 2019  s/Mark A. Goldsmith
    Detroit, Michigan  MARK A. GOLDSMITH
         United States District Judge